IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DON ELLIS LONG                                                              PLAINTIFF

      v.                                         CIVIL NO. 14-5290

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Don Ellis Long, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 6, 2011, alleging an inability to work since January 20, 2010, due to chronic back pain, right knee pain, right shoulder pain, numbness in the hands, diabetes, neuropathy, and a somatoform disorder. (Tr. 132, 147).  For DIB purposes, Plaintiff maintained insured status through December 31, 2013. (Tr. 13).  An administrative hearing was held on November 29, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 31-69).

By written decision dated March 28, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease/degenerative joint disease of the lumbar spine, degenerative joint disease of the right knee, impingement of the right shoulder, diabetes mellitus, and a mood disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 15-16).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1657(b) and 416.967(b) except he can only occasionally climb, balance, crawl, kneel, stoop, crouch, and do overhead work on the dominant side.  The claimant can understand, remember, and carry out simple, routine, repetitive tasks, and respond to usual work situations and routine work changes.  He is able to respond to supervision that is simple, direct, and concrete, and he can occasionally interact with supervisors, co-workers, and the public.

(Tr. 17).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a fishing float assembler, a bottle line attendant, and a warehouse checker.  (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 17, 2014. (Tr. 1-5).  Subsequently, Plaintiff filed this action. (Doc. 1).  Both parties have filed appeal briefs, and the case is now before the undersigned for report and recommendation.  (Docs. 12, 13).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

After reviewing the entire record, the Court believes that the ALJ failed to resolve a conflict between the vocational expert's opinion and the Dictionary of Occupational Titles (DOT). The ALJ's RFC determination states that Plaintiff "can only occasionally…do overhead work on the dominant side," and the jobs the vocational expert indicated Plaintiff could perform all require frequent reaching according to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Consequently, there is a conflict between the DOT and the vocational expert's opinion. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the vocational expert identified jobs which the SCO said required frequent reaching).

When an apparent conflict between the DOT and the vocational expert opinion exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d

1065, 1070 (8th Cir. 2000). If evidence from the vocational expert appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because the vocational expert responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, in written interrogatories that were submitted by the vocational expert, the vocational expert was asked if there were any conflicts between the occupational evidence he provided for and the occupational information contained in the DOT and/or the SCO, to which the vocational expert responded "N/A." (Tr. 224). Although, in his decision, the ALJ stated that he determined the vocational expert's opinion was consistent with the information contained in the DOT (Tr. 25), there is no indication that he was aware of the conflict or how he made such a determination. The Court therefore believes this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015). Accordingly, the Court believes remand is necessary so that the ALJ can identify and obtain a reasonable explanation for any conflict between the vocational expert's opinion and the DOT.[1]

The Court is also troubled by the ALJ's RFC determination in this case, and believes remand is necessary so that the ALJ can more fully and fairly develop the record with respect to Plaintiff's physical RFC. Prior to obtaining the vocational evidence addressed above, the ALJ is directed to address interrogatories to Dr. Joseph M. Ricciardi, the consultative examining physician, asking him to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014) the Eighth Circuit noted that the necessary resolution of this identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.

objective basis for his opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.     Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of November, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE